Lionel TATE, Sr., Plaintiff—Appellant,

v.

J.W. HUSKEY; et al., Defendants—Appellees.

No. 06–15286.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lionel Tate, Sr., Avenal, CA, pro se.

Michael J. Williams, Kelli Marie Hammond, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Lionel Tate, Sr., a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action against prison officials alleging retaliation and due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Tate's claim that defendants retaliated against him for filing a complaint of staff misconduct because Tate failed to raise a triable issue as to whether his placement in administrative segregation did not advance a legitimate penological goal. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005).

The district court properly granted summary judgment on Tate's claim that un-

named officers denied him due process by misplacing his property because negligent or unauthorized intentional deprivations of property by a state employee are not actionable under the Fourteenth Amendment. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (unauthorized intentional deprivation of property by a state employee does not constitute a due process violation if a meaningful post deprivation remedy for the loss is available).

The district court properly granted summary judgment on Tate's supervisory liability claim because Tate presented no evidence that defendants Huskey and Newton participated in, directed, or knew of violations and failed to act to prevent them. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (liability under section 1983 arises only upon a showing of personal participation by the defendant).

Tate's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.